# City Court.

## Trial Term—June, 1884.

## GOLDBERG against ROUSE ET AL.

The defendant owned a second mortgage on certain real property. The plaintiff's assignors purchased the property, subject to the mortgage, but did not assume its payment. The defendant signed an agreement to take off ten per cent. from the face of their mortgage. The plaintiff's assignors thereafter conveyed the property, and the vendee paid the balance due on the mortgage without exacting the deduction of ten per cent. *Held,* that the action could not be maintained.

McADAM, Ch. J.—The defendant owned a second mortgage on property in Allen street, this city. The plaintiff's assignors purchased the property subject to the mortgage, but did not assume its payment. The defendant signed an agreement in these words : " I hereby agree to take off ten per cent. of the whole sum." The plaintiff's assignors paid certain installments on the mortgage of $450 each, which were credited as $500 each (the ten per cent. being allowed thereon). The plaintiff's assignors thereupon conveyed the property, and their vendee paid the balance of the mortgage debt without exacting the abatement of the ten per cent. thereon. The plaintiff's assignors, by this action, seek to recover the ten per cent. abatement on the sum paid by their vendees.

Without considering the question whether the agreement was void for want of mutuality, I decide that the plaintiff has no cause of action. That in the absence of a covenant to pay the ten per cent. to the plaintiff's assignors, the contract (if legal) inured to the benefit of the persons who owned the fee of the mortgaged property at the time the payment on which the abatement claimed was made. That the conveyance of the property by said as-

signors prior to such payment enabled the vendees (who made the payment) to assert whatever rights to the abatement of ten per cent. which the contract conferred. That the vendees, by paying the balance of the mortgage debt without exacting the abatement, waived all claim to it. The payment was not made under protest or duress, and must be regarded as having been voluntarily made (Windbiel *v.* Carroll, 16 *Hun*, 101). The agreement of the vendees to pay the ten per cent. to the plaintiff's assignors in case it was allowed to the vendees, does not aid the plaintiff's case. The vendees did not receive the abatement, and by their voluntary payment all right to it was lost. No personal covenant on the part of the defendant to pay the ten per cent. over to the plaintiff's assignors can be implied, the contract being in writing under seal, containing no such promise.

Under the circumstances, the disputed question of fact whether the mortgage debt was to be paid at a stated time becomes immaterial, although I believe the question of time entered into the contract. The defendant received no additional security for his debt, and was not likely to make a voluntary deduction without some equivalent, which in my judgment was the speedy payment of the mortgage, which the defendant testifies the plaintiff's assignors agreed to, but did not make.

The defendant is therefore entitled to judgment.